# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                                         CRIMINAL ACTION NO. 3:02-CR-66-R-8

BRIAN RICO CENTENO                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant, Brian Rico Centeno, *pro se*, has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) and to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (DN 364). The United States has responded (DN 370). Also before the Court is Defendant's untitled motion (DN 373), to which the United States has responded (DN 374).

*Request for relief from judgment*

In December 2007, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Among his challenges in that motion was that he should not have been sentenced as a career offender. His § 2255 motion was dismissed (DN 334). Defendant filed a notice of appeal from that order. The Sixth Circuit denied a certificate of appealability and dismissed the appeal (DN 345). Thereafter, Defendant filed the instant motion styled "Motion for Relief from Judgment Pursuant to Fed. Rules of Civil Procedure, Rule 60(b)(6) and Motion to Reduce Sentence, 18 U.S.C. § 3582(c)(2)" (DN 364).

Defendant's motion acknowledges that this Court previously had denied his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, he argues that he is actually innocent of being a career offender and should therefore be allowed to challenge his career offender determination.

The United States argues in response that Defendant's motion requesting relief from the

judgment regarding his § 2255 motion, despite its title, is really a second or successive § 2255 motion for which he would need permission from the Sixth Circuit to file. It appears that Defendant's untitled motion (DN 373) is made in reply to the United States's response. In that motion, Defendant argues that there was a mistake made at his sentencing in that his arrest on April 3, 1998, was only one arrest and not two, and, therefore, he is factually innocent of being a career offender.

The Sixth Circuit has opined that "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'" *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). The *Nailor* Court explained that the term "on the merits" was being used in essentially the same way as did the Supreme Court in *Gonzalez*, that is "on the merits" is used to denote:

> "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error), he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

*Id.* at 1022 n.2 (quoting *Gonzalez*, 545 U.S. at 532 n.4 (internal citation omitted)). The Court finds that, under the guidance of *Nailor*, Defendant's Rule 60(b)(6) motion is in fact really another § 2255 motion.

2

If a Rule 60(b) motion is determined to be properly a second or successive § 2255 motion, "the appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631."[1] *Regalado v. United States*, No. 1:00-CV-640, 2006 WL 1008974, at *2 (W.D .Mich. Apr. 14, 2006) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

**IT IS ORDERED** that that portion of Defendant's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) and Defendant's untitled motion (DN 373) is recharacterized as a second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that this motion is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

*Amendment to Sentencing Guidelines*

Defendant's motion (DN 364) also seeks retroactive application of sentencing guidelines implementing the Fair Sentencing Act of 2010 (FSA).

Pursuant to General Order No. 2011-04, the Court has established a procedure to review crack-cocaine sentences of currently incarcerated individuals that may be subject to reduction under the FSA in accordance with 18 U.S.C. § 3582(c)(2) and the guidance provided in Section 1B1.10 of the Sentencing Guidelines. Defendant's sentence will be reviewed in accordance with this procedure, and if Defendant cannot afford counsel, counsel will be appointed to represent

---

[1] The United States argues, somewhat inconsistently, that "although Centeno entitles his motion as one under 60(b) . . . because he is challenging his underlying sentence" it should be characterized as a § 2255 motion, but then urges that transfer to the Sixth Circuit as a successive § 2255 motion is not necessary because "Centeno has not filed a motion for permission to file a second or successive motion in the district court nor has he filed a § 2255 motion. Rather, Centeno has filed an improper Rule 60 (b) motion."

him by the Court at the appropriate time in the process.

In light of the Court's established procedure, **IT IS ORDERED** that that portion of Defendant's motion that requests a reduction of his sentence (DN 364) is **DENIED without prejudice**. On its own initiative, the Court will consider whether Defendant is eligible for a reduction of sentence at a later date in accordance with the procedure set forth in General Order No. 2011-04.

The **Clerk of Court is DIRECTED to send** Defendant a copy of General Order No. 2011-04.

Date:


cc: Defendant, *pro se*
 Counsel of record
 Clerk, Sixth Circuit Court of Appeals
4413.009